**DRAKE, HILEMAN & DAVIS, P.C.**
By: Jeremy D. Puglia, Esquire
Attorney I.D. No. 2008-01456           ATTORNEY FOR PLAINTIFF
Suite 15-Bailiwick Office Campus
P.O. Box 1306
Doylestown, PA 18901
(215) 348-2088

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESLIE MALDONADO<br>197 Washington Street<br>Apartment 4<br>East Stroudsburg PA 18301<br><br>　　　　　　　　　　Plaintiff<br>　　　V.<br><br>SHKLJKJIM ISMAILI<br>77 Byrne Court<br>Apartment A<br>Wayne, NJ 07470<br>　　　　　　and<br>BERGEN CONCRETE CUTTING, INC.<br>128 Berger Street<br>Wood Ridge, NJ 07075<br>　　　　　　and<br>BERGEN CONCRETE CORING, INC.<br>128 Berger Street<br>Wood Ridge, NJ 07075<br>　　　　　　and<br>KEVIN A. DAWSON<br>84 Montclair Avenue<br>Little Falls, NJ 07424<br>　　　　　　and<br>J. FLETCHER CREAMER & SON, INC.<br>101 East Broadway<br>Hackensack, NJ 07601<br>　　　　　　and | CIVIL ACTION NO.<br><br>_____<br><br>DEMAND FOR JURY TRIAL |

```
API GROUP, INC., individually and d/b/a        :
J. FLETCHER CREAMER & SON, INC.                :
1100 Old Highway 8 NW                          :
New Brighton, MN 55112                         :
                                    and        :
A & M CONTRACTORS, INC., individually          :
and d/b/a J. FLETCHER CREAMER & SON, INC.      :
101 East Broadway                              :
Hackensack, NJ 07601                           :
                             Defendants        :
```

## COMPLAINT

Plaintiff, Leslie Maldonado, by their undersigned counsel, Jeremy D. Puglia, Esquire, and Drake, Hileman & Davis, hereby files this Complaint against the captioned Defendants, and in support thereof, avers as follows:

## JURISDICTION

1. The matter in controversy, which is the subject matter of this Complaint, exceeds the sum or value of $75,000.00, exclusive of interests and costs.

2. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a)(1).

## PARTIES

3. Plaintiff, Leslie Maldonado, is an adult citizen of the Commonwealth of Pennsylvania, who resides 197 Washington Street, Apartment 4, in East Stroudsburg, Monroe County, PA 18302.

4. Upon information and belief, Defendant, Shkljkjim Ismaili, hereinafter referred to as DEFENDANT ISMAILI, is an adult citizen of New Jersey, who resides at 77 Byrne Court, Apartment A, in Wayne, NJ 07470.

5. Upon information and belief, Defendant, Bergen Concrete Cutting, Inc., hereinafter referred to as DEFENDANT CUTTING, is a New Jersey Corporation, with a business address of 128 Berger Street, Wood Ridge, NJ 07075.

6. Upon information and belief, Defendant, Bergen Concrete Coring, Inc., hereinafter referred to as DEFENDANT CORING, is a New Jersey Corporation, with a business address of 128 Berger Street, Wood Ridge, NJ 07075.

7. Upon information and belief, Defendant, Kevin A. Dawson, hereinafter referred to as DEFENDANT DAWSON, is an adult citizen of New Jersey, who resides at 84 Montclair Avenue, Little Falls, NJ 07424.

8. Upon information and belief, Defendant, J. Fletcher Creamer & Son, Inc., hereinafter referred to as DEFENDANT FLETCHER, is a New Jersey Corporation, with a business address of 101 East Broadway, Hackensack, NJ 07601.

9. Upon information and belief, Defendant, API Group, Inc., hereinafter referred to as DEFENDANT API, is a Minnesota Corporation, with a business address of 1100 Old Highway 8 NW, New Brighton, MN 55112.

10. Upon information and belief, Defendant, A & M Contractors, Inc., hereinafter referred to as DEFENDANT A&M, is a New Jersey Corporation, with a business address of 101 East Broadway, Hackensack, NJ 07601.

## STATEMENT OF FACTS

11. Upon information and belief, at all times relevant hereto DEFENDANT API Group, Inc., was acting individually and was d/b/a J. Fletcher Creamer & Son, Inc.

12. Upon information and belief, at all times relevant hereto DEFENDANT A&M was acting individually and was d/b/a J. Fletcher Creamer & Son, Inc.

13. Upon information and belief, at all times relevant hereto DEFENDANT ISMAILI was the agent, servant, workman, employee and/or negligent entrustee of DEFENDANT CUTTING and/or DEFENDANT CORING.

14. It is therefore alleged that DEFENDANT ISMAILI was acting within the scope and course of his employment and under the direct control and supervision of DEFENDANT CUTTING and/or DEFENDANT CORING.

15. It is therefore alleged that DEFENDANT CUTTING and/or DEFENDANT CORING are each and both vicariously liable for the acts of DEFENDANT ISMAILI as specified hereafter through agency and/or employment, as well as negligent entrustment.

16. Upon information and belief, at all times relevant hereto DEFENDANT DAWSON was the agent, servant, workman, employee and/or negligent entrustee of DEFENDANT FLETCHER and/or DEFENDANT API and/or DEFENDANT A&M.

17. It is therefore alleged that DEFENDANT DAWSON was acting within the scope and course of his employment and under the direct control and supervision of DEFENDANT FLETCHER and/or DEFENDANT API and/or DEFENDANT A&M.

18. It is therefore alleged that DEFENDANT FLETCHER and/or DEFENDANT API and/or DEFENDANT A&M are each and all vicariously liable for the acts of DEFENDANT DAWSON as specified hereafter through agency and/or employment, as well as negligent entrustment.

19. Plaintiff's Complaint alleges damages sustained as the result of a motor vehicle collision which occurred on or about June 29, 2017.

20. Specifically, on or about that date, Plaintiff, Leslie Maldonado, was driving for LYFT, with a passenger in the back seat, in a 2014 Chevrolet Cruz, in the middle lane of Route 3, eastbound, in Clifton City, Passaic County, New Jersey.

21. As Plaintiff, Leslie Maldonado, was driving, she saw a large bird walking on the highway, causing Plaintiff, Leslie Maldonado, to begin to slow down.

22. As Plaintiff, Leslie Maldonado, was slowing down, she was violently rear-ended by a 2015 Ford F55 driven by DEFENDANT ISMAILI.

23. The force of the above-described collision thrust Plaintiff's vehicle to the right, into the right lane of Route 3, eastbound.

24. The force of the above-described collision caused Plaintiff's neck to snap backwards, causing her headrest to snap and break.

25. About that same time, date and place, DEFENDANT DAWSON was operating a 2014 Ford F35 behind DEFENDANT ISMAILI'S truck.

26. It is believed and therefore averred that DEFENDANT DAWSON moved to the right lane to avoid striking DEFENDANT ISMAILI'S truck, but failed to stop his vehicle and/or failed to slow his vehicle down, causing it to collide into Plaintiff's vehicle on the front passenger-side wheel well and front passenger-side door.

27. The first collision described above was caused by the negligence and carelessness of DEFENDANTS ISMAILI, CUTTING and/or CORING, as herein described.

28. The second collision described above was caused by the negligence and carelessness of DEFENDANTS DAWSON, FLETCHER, API, and/or A&M, as herein described.

29. The collisions described above were caused solely by reason of the negligence and carelessness of DEFENDANTS ISMAILI, CUTTING, CORING, DAWSON, FLETCHER, API and/or A&M, as described herein, and was due in no manner whatsoever to act or any failure to act on the part of the Plaintiff, Leslie Maldonado.

30. By reason of the negligence and carelessness of the DEFENDANTS as described herein, Plaintiff suffered significant injuries to her body, some of which are permanent, including but not limited to, severe impact to her body, severe shock to her nerve and nervous system, serious and potentially permanent injury to the bones, muscles, tendons, ligaments, nerves and tissues of the head, neck, back, hips, shoulders and limbs, including but not limited to a closed head injury; concussion; nausea; post-concussive symptoms; headaches; left shoulder injury requiring surgical intervention; neck; back; right knee; left knee; sleeplessness, right hand; right leg; nerve impingement; ankles; and nerve damage, all of which injuries have in the past, and many of which will in the future, cause said Plaintiff great pain and suffering.

31. Plaintiff was unable to undertake duties and activities for a long time in the past and, according to her physicians, will suffer impairments and disabilities in the future, which will prevent her from the pursuit of ordinary activities.

32. Given the nature of her injuries, Plaintiff's activities of daily living have been detrimentally affected, and she has not been able to sustain activities in the frequency and duration as before the collision.

33. By reason of the aforesaid injuries to Plaintiff, she was made to suffer physical and mental pain and suffering, all to her detriment and loss.

34. As a further result of the negligence and carelessness of the DEFENDANTS as described herein, Plaintiff has been and will continue to be obliged to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and she may be obliged to expend such sums or to incur such expenditures for an indefinite time in the future.

35. As a further result of the collisions, Plaintiff has and may hereafter incur the cost of reasonable and necessary medical treatment and rehabilitative services and other financial losses and expenses, which now or may in the future exceed the amount of benefits paid or payable for these items.

36. As a further result of the collisions, the Plaintiff has lost the ability to enjoy life and life's pleasures, any may continue to do so for an indefinite time into the future, all to her great detriment and loss.

37. As a further result of the collisions, the Plaintiff has suffered and may suffer for an indefinite time in the future a severe compromise of her normal lifestyle including, but not limited to, social and recreational deprivations.

38. As a further result of the collisions, the Plaintiff has suffered a loss and depreciation of her earnings and earning capacity and she may continue to suffer said loss and depreciation for an indefinite time in the future, to her great detriment and loss.

### COUNT I

### LESLIE MALDONADO v. SHKLJKJIM ISMAILI

39. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 38 of this Complaint as though fully set forth herein at length.

40. At all times relevant hereto, the vehicle operated by DEFENDANT ISMAILI was owned by DEFENDANT CUTTING and/or DEFENDANT CORING.

41. At all times relevant hereto, DEFENDANT ISMAILI was the agent, servant, workman, and/or employee of DEFENDANT CUTTING and/or DEFENDANT CORING, and was acting within the scope and course of his agency and/or employment and under the direct control and supervision of DEFENDANT CUTTING and/or DEFENDANT CORING.

42. At the time of the above-described collisions, DEFENDANT ISMAILI was negligent and careless under the circumstances in:

    a. failing to have said commercial truck under proper and reasonable control;

    b. driving at an excessive rate of speed under the circumstances;

    c. operating said commercial truck in such a manner so as to cause it to collide into the Plaintiff's vehicle;

    d. failing to yield the right of way to Plaintiff;

    e. failing to give prompt, proper, and adequate warning of Defendant's approach;

    f. operating said commercial truck without due regard to the presence and safety of the Plaintiff and others lawfully situated;

    g. failing to bring said commercial truck to a stop in time to avoid the aforementioned collision;

    h. failing to operate said vehicle in a safe and proper manner;

    i. operating said commercial truck in a careless, inattentive, and distracted manner;

j. operating said commercial truck without due caution and circumspection, in a manner so as to endanger, or likely to endanger persons or property in general, and the Plaintiff, Leslie Maldonado, in particular;

k. operating the commercial truck in a careless manner which was likely to result in injury;

l. failing to exercise due care and caution under all of the circumstances;

m. failing to warn Plaintiff of the impending collision;

n. failing to observe Plaintiff's slowing vehicle in front of him; and

o. failing to maintain an assured clear distance ahead of his commercial truck while driving on a highway.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT ISMAILI, in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

## COUNT II

### LESLIE MALDONADO v. BERGEN CONCRETE CUTTING, INC.

43. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 42 of this Complaint as though fully set forth herein at length.

44. DEFENDANT CUTTING is vicariously liable for the acts of DEFENDANT ISMAILI as specified herein through agency and/or employment.

45. DEFENDANT CUTTING was negligent in allowing DEFENDANT ISMAILI to operate the commercial truck and such negligence includes, but is not limited to the fact that it knew or should have known that DEFENDANT ISMAILI was a substandard and unsafe driver, and/or an inexperienced driver unfamiliar with the commercial truck he was operating and/or the rigors of driving such a commercial vehicle.

46. The aforesaid collision was further caused by the negligent and careless conduct of DEFENDANT CUTTING in that it:

   a. Knew or should have known that DEFENDANT ISMAILI was an unsafe driver and that he was likely to operate this commercial truck in an unsafe manner;

   b. Had information tending to suggest that DEFENDANT ISMAILI was negligently and carelessly inclined or otherwise unfit to operate a motor vehicle, and such unfitness could be ascertained by the making of simple inquiries; and

   c. Breached its duty of care by carelessly and negligently entrusting this commercial truck to DEFENDANT ISMAILI who it knew or should have known was a careless and/or negligent driver;

   d. Did not provide the proper training to DEFENDANT ISMAILI regarding the rigors of operating the commercial truck;

   e. Allowed DEFENDANT ISMAILI to operate the commercial truck at such an early morning hour, without providing training to DEFENDANT ISMAILI regarding proper sleep required before operating the commercial truck;

   f. Allowed and/or directed DEFENDANT ISMAILI to operate the commercial truck at such an early morning hour, without allowing the proper off-road hours required before operating the commercial truck.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT CUTTING in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

## COUNT III

### LESLIE MALDONADO v. BERGEN CONCRETE CORING, INC.

47. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 46 of this Complaint as though fully set forth herein at length.

48. DEFENDANT CORING is vicariously liable for the acts of DEFENDANT ISMAILI as specified herein through agency and/or employment.

49. DEFENDANT CORING was negligent in allowing DEFENDANT ISMAILI to operate the commercial truck and such negligence includes, but is not limited to the fact that it knew or should have known that DEFENDANT ISMAILI was a substandard and unsafe driver, and/or an inexperienced driver unfamiliar with the commercial truck he was operating and/or the rigors of driving such a commercial vehicle.

50. The aforesaid collision was further caused by the negligent and careless conduct of DEFENDANT CORING in that it:

    a. Knew or should have known that DEFENDANT ISMAILI was an unsafe driver and that he was likely to operate this commercial truck in an unsafe manner;

    b. Had information tending to suggest that DEFENDANT ISMAILI was negligently and carelessly inclined or otherwise unfit to operate a motor vehicle, and such unfitness could be ascertained by the making of simple inquiries; and

    c. Breached its duty of care by carelessly and negligently entrusting this commercial truck to DEFENDANT ISMAILI who it knew or should have known was a careless and/or negligent driver;

  d. Did not provide the proper training to DEFENDANT ISMAILI regarding the rigors of operating the commercial truck;

  e. Allowed DEFENDANT ISMAILI to operate the commercial truck at such an early morning hour, without providing training to DEFENDANT ISMAILI regarding proper sleep required before operating the commercial truck;

  f. Allowed and/or directed DEFENDANT ISMAILI to operate the commercial truck at such an early morning hour, without allowing the proper off-road hours required before operating the commercial truck.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT CORING in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

COUNT IV

<u><b>LESLIE MALDONADO v. KEVIN A. DAWSON</b></u>

51. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 50 of this Complaint as though fully set forth herein at length.

52. At all times relevant hereto, the vehicle operated by DEFENDANT DAWSON was owned by DEFENDANT FLETCHER and/or DEFENDANT API and/or DEFENDANT A&M.

53. At all times relevant hereto, DEFENDANT DAWSON was the agent, servant, workman, and/or employee of DEFENDANT FLETCHER and/or DEFENDANT API and/or DEFENDANT A&M, and was acting within the scope and course of his agency and/or employment and under the direct control and supervision of DEFENDANT FLETCHER and/or DEFENDANT API and/or DEFENDANT A&M.

54. At the time of the above-described collisions, DEFENDANT DAWSON was negligent and careless under the circumstances in:

   a. failing to have said commercial truck under proper and reasonable control;

   b. driving at an excessive rate of speed under the circumstances;

   c. operating said commercial truck in such a manner so as to cause it to collide into the Plaintiff's vehicle;

   d. failing to yield the right of way to Plaintiff;

   e. failing to give prompt, proper, and adequate warning of Defendant's approach;

   f. operating said commercial truck without due regard to the presence and safety of the Plaintiff and others lawfully situated;

   g. failing to bring said commercial truck to a stop in time to avoid the aforementioned collision;

   h. witnessing the first collision and, rather than brining his commercial truck to a stop, choosing to simply switch lanes to continue forward, causing his vehicle to strike Plaintiff's vehicle;

   i. failing to operate said vehicle in a safe and proper manner;

   j. operating said commercial truck in a careless, inattentive, and distracted manner;

   k. operating said commercial truck without due caution and circumspection, in a manner so as to endanger, or likely to endanger persons or property in general, and the Plaintiff, Leslie Maldonado, in particular;

   l. failing to exercise due care and caution under all of the circumstances;

    m.    operating the commercial truck in a careless manner which was likely to result in injury;

    n.    failing to warn Plaintiff of the impending collision; and

    o.    failing to maintain an assured clear distance ahead of his commercial truck while driving on a highway.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT DAWSON, in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

## COUNT V

### LESLIE MALDONADO v. J. FLETCHER CREAMER & SONS, INC.

55. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 54 of this Complaint as though fully set forth herein at length.

56. DEFENDANT FLETCHER is vicariously liable for the acts of DEFENDANT DAWSON as specified herein through agency and/or employment.

57. DEFENDANT FLETCHER was negligent in allowing DEFENDANT DAWSON to operate the commercial truck and such negligence includes, but is not limited to the fact that it knew or should have known that DEFENDANT DAWSON was a substandard and unsafe driver, and/or an inexperienced driver unfamiliar with the commercial truck he was operating and/or the rigors of driving such a commercial vehicle.

58. The aforesaid collision was further caused by the negligent and careless conduct of DEFENDANT FLETCHER in that it:

    a.    Knew or should have known that DEFENDANT DAWSON was an unsafe driver and that he was likely to operate this commercial truck in an unsafe manner;

  b. Had information tending to suggest that DEFENDANT DAWSON was negligently and carelessly inclined or otherwise unfit to operate a motor vehicle, and such unfitness could be ascertained by the making of simple inquiries; and

  c. Breached its duty of care by carelessly and negligently entrusting this commercial truck to DEFENDANT DAWSON who it knew or should have known was a careless and/or negligent driver;

  d. Did not provide the proper training to DEFENDANT DAWSON regarding the rigors of operating the commercial truck;

  e. Allowed DEFENDANT DAWSON to operate the commercial truck at such an early morning hour, without providing training to DEFENDANT DAWSON regarding proper sleep required before operating the commercial truck;

  f. Allowed and/or directed DEFENDANT DAWSON to operate the commercial truck at such an early morning hour, without allowing the proper off-road hours required before operating the commercial truck.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT FLETCHER in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

## COUNT VI

### LESLIE MALDONADO v. API GROUP, INC., individually and d/b/a J. FLETCHER CREAMER & SONS, INC.

59. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 58 of this Complaint as though fully set forth herein at length.

60. DEFENDANT API is vicariously liable for the acts of DEFENDANT DAWSON as specified herein through agency and/or employment.

61. DEFENDANT API was negligent in allowing DEFENDANT DAWSON to operate the commercial truck and such negligence includes, but is not limited to the fact that it knew or should have known that DEFENDANT DAWSON was a substandard and unsafe driver, and/or an inexperienced driver unfamiliar with the commercial truck he was operating and/or the rigors of driving such a commercial vehicle.

62. The aforesaid collision was further caused by the negligent and careless conduct of DEFENDANT API in that it:

 a. Knew or should have known that DEFENDANT DAWSON was an unsafe driver and that he was likely to operate this commercial truck in an unsafe manner;

 b. Had information tending to suggest that DEFENDANT DAWSON was negligently and carelessly inclined or otherwise unfit to operate a motor vehicle, and such unfitness could be ascertained by the making of simple inquiries; and

 c. Breached its duty of care by carelessly and negligently entrusting this commercial truck to DEFENDANT DAWSON who it knew or should have known was a careless and/or negligent driver;

 d. Allowed DEFENDANT DAWSON to operate the commercial truck at such an early morning hour, without providing training to DEFENDANT DAWSON regarding proper sleep required before operating the commercial truck;

    e.    Allowed and/or directed DEFENDANT DAWSON to operate the commercial truck at such an early morning hour, without allowing the proper off-road hours required before operating the commercial truck; and

    f.    Did not provide the proper training to DEFENDANT DAWSON regarding the rigors of operating the commercial truck.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT API in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

## COUNT VII

### LESLIE MALDONADO v. A & M CONTRACTORS, INC., individually and d/b/a J. FLETCHER CREAMER & SONS, INC.

63. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 62 of this Complaint as though fully set forth herein at length.

64. DEFENDANT A&M is vicariously liable for the acts of DEFENDANT DAWSON as specified herein through agency and/or employment.

65. DEFENDANT A&M was negligent in allowing DEFENDANT DAWSON to operate the commercial truck and such negligence includes, but is not limited to the fact that it knew or should have known that DEFENDANT DAWSON was a substandard and unsafe driver, and/or an inexperienced driver unfamiliar with the commercial truck he was operating and/or the rigors of driving such a commercial vehicle.

66. The aforesaid collision was further caused by the negligent and careless conduct of DEFENDANT A&M in that it:

    a.    Knew or should have known that DEFENDANT DAWSON was an unsafe driver and that he was likely to operate this commercial truck in an unsafe manner;

b. Had information tending to suggest that DEFENDANT DAWSON was negligently and carelessly inclined or otherwise unfit to operate a motor vehicle, and such unfitness could be ascertained by the making of simple inquiries; and

c. Breached its duty of care by carelessly and negligently entrusting this commercial truck to DEFENDANT DAWSON who it knew or should have known was a careless and/or negligent driver;

d. Did not provide the proper training to DEFENDANT DAWSON regarding the rigors of operating the commercial truck;

e. Allowed DEFENDANT DAWSON to operate the commercial truck at such an early morning hour, without providing training to DEFENDANT DAWSON regarding proper sleep required before operating the commercial truck;

f. Allowed and/or directed DEFENDANT DAWSON to operate the commercial truck at such an early morning hour, without allowing the proper off-road hours required before operating the commercial truck.

**WHEREFORE**, Plaintiff demands judgment against DEFENDANT A&M in an amount in excess of $150,000.00, plus interest, costs and any other appropriate damages.

Respectfully submitted,
**DRAKE, HILEMAN & DAVIS**

Date: ___05/8/2019____

_s/Jeremy D. Puglia_
Jeremy D. Puglia, Esquire
Attorney for Plaintiffs
Attorney I.D. # 2008-01456
Drake, Hileman & Davis
P.O. Box 1306
Doylestown, PA 18901-1306
Email: jpuglia@dhdlaw.com